IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 18-CR-4057 RB |
| vs. | ) |
| **ELISA ESTHER PLATA-RIVERA,** | ) |
| Defendant. | ) |

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties hereby notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the defendant, **ELISA ESTHER PLATA-RIVERA**, and the defendant's counsel, FELIPE MILLAN:

### REPRESENTATION BY COUNSEL

1. The defendant understands the defendant's right to be represented by an attorney and is so represented. The defendant has thoroughly reviewed all aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The defendant further understands the following rights:

   a. to be charged and prosecuted by indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to confront and cross-examine witnesses and to call witnesses to testify for the defense; and

   e. against compelled self-incrimination.

*Eliz P R* 26 June 2019

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The defendant hereby agrees to waive these rights and to plead guilty to the Information charging in Count 1 a violation of 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; and charging in Counts 2 through 8 a violation of 42 U.S.C. § 408(a)(7)(B): Social Security Fraud.

## ELEMENTS OF THE OFFENSE

4. The elements of 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft, are:

   a. The defendant knowingly possessed and used a means of identification of another person without lawful authority;

   b. The means of identification belonged to another person;

   c. The use and possession was during and in relation the crimes charged in Counts 2 through 8; and

   d. That the defendant committed the felony violations charged in Counts 2 through 8 and that the violations charged in Counts 2 through 8 are qualifying felony violations listed in the statute.

5. The elements of 42 U.S.C. § 408(a)(7)(B), Social Security Fraud, are:

   a. The defendant represented for any purpose a particular social security account number to be hers;

   b. The representation was false; and

   c. The defendant acted with intent to deceive.

## SENTENCING

6. The defendant understands that the minimum and maximum penalty the Court can impose is:

For Count One, as follows:

   a. imprisonment for a period of two years;

   b. a fine not to exceed $250,000.00;

2

  c. a mandatory term of supervised release of not more than three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

For Counts Two through Eight, as follows:

  a. imprisonment for a period of up to five years, which must run consecutively to any sentence of imprisonment imposed for a violation of 18 U.S.C. § 1028A (Count One);

  b. a fine not to exceed $250,000.00;

  c. a mandatory term of supervised release of not more than three years. (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked--even on the last day of the term--and the defendant could then be returned to another period of incarceration and a new term of supervised release);

  d. a mandatory special penalty assessment of $100.00; and

  e. restitution as may be ordered by the Court.

7. The parties are aware that the Court may accept or reject this plea agreement, or may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report. Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw Defendant's plea of guilty.

8. The United States hereby expressly reserves the right to make known to the United States Probation Office and to the Court, for inclusion in the presentence report prepared pursuant to Federal Rule of Criminal Procedure 32, any information that the United States believes may be

helpful to the Court, including but not limited to information about any relevant conduct under USSG § 1B1.3.

9. Except under circumstances where the Court, acting on its own, fails to accept this plea agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts that the defendant has admitted under this plea agreement as set forth below, as well as any facts to which the defendant admits in open court at the defendant's plea hearing, shall be admissible against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the defendant expressly waives the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## DEFENDANT'S ADMISSION OF FACTS

10. By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the Information that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

**Count 1:**
I, Elisa Esther Plata-Rivera, admit that beginning on or about July 3, 2017, and continuing until on or about September 12, 2018, in Otero County, in the District of New Mexico, and elsewhere, I stole the identity of Teresa Lamar Rodriguez. Beginning on or about June 2017, I obtained, without lawful authority, a Texas driver's license lawfully issued to and in the name of Teresa Lamar Rodriguez, assigned Texas driver's license number XXXX1858, and a social security card lawfully issued to and in the name of Teresa Lamar Rodriguez, assigned social

4

security number XXX-XX-2893. I then used these and other means of identification belonging to Teresa Lamar Rodriguez during and in relation to the perpetration of the following frauds, each of which I specifically admit I committed, and each of which I admit is a felony violation enumerated in 18 U.S.C. § 1028A(c).

Count 2:
On or about October 5, 2017, I admit that I knowingly, and with intent to deceive, falsely represented myself to be Teresa Lamar Rodriguez for the purpose of obtaining a lease at the Cinnamon Tree Apartments in Albuquerque, New Mexico, and that I used the social security number assigned to Teresa Lamar Rodriguez, ending in XXX-XX-2893, to perpetrate the fraud.

Count 3:
On or about December 4, 2017, I admit that I knowingly, and with intent to deceive, falsely represented myself to be Teresa Lamar Rodriguez for the purpose of obtaining employment with Xclusive Staffing of New Mexico, LLC, in Albuquerque, New Mexico, and that I used the social security number assigned to Teresa Lamar Rodriguez, ending in XXX-XX-2893, to perpetrate the fraud.

Count 4:
On or about May 14, 2018, I admit that I knowingly, and with intent to deceive, falsely represented myself to be Teresa Lamar Rodriguez for the purpose of opening a bank account under an assumed identity, in Albuquerque, New Mexico, and that I used the social security number assigned to Teresa Lamar Rodriguez, ending in XXX-XX-2893, to perpetrate the fraud.

Count 5:
On or about May 21, 2018, I admit that I knowingly, and with intent to deceive, falsely represented myself to be Teresa Lamar Rodriguez for the purpose of obtaining employment with New Team, LLC, in Albuquerque, New Mexico, and that I used the social security number assigned to Teresa Lamar Rodriguez, ending in XXX-XX-2893, to perpetrate the fraud.

Count 6:
On or about July 18, 2018, I admit that I knowingly, and with intent to deceive, falsely represented myself to be Teresa Lamar Rodriguez for the purpose of securing a credit line with Rent-A-Center a/k/a Acceptance Now, in Albuquerque, New Mexico, and that I used the social security number assigned to Teresa Lamar Rodriguez, ending in XXX-XX-2893, to perpetrate the fraud.

Count 7:
On or about August 9, 2018, I admit that I knowingly, and with intent to deceive, falsely represented myself to be Teresa Lamar Rodriguez for the purpose of obtaining employment with Alliance Advertising, in Albuquerque, New Mexico,

and that I used the social security number assigned to Teresa Lamar Rodriguez, ending in XXX-XX-2893, to perpetrate the fraud.

Count 8:
On or about September 12, 2018, I admit that I knowingly, and with intent to deceive, falsely represented myself to be Teresa Lamar Rodriguez for the purpose of passing through immigration inspection at a U.S. Border Patrol Checkpoint, in Otero County, New Mexico, and that I used the social security number assigned to Teresa Lamar Rodriguez, ending in XXX-XX-2893, to perpetrate the fraud.

11. By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

12. The United States and the defendant stipulate as follows:

   a. The defendant and the United States agree, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a specific sentence of **27 months of incarceration** is the appropriate sentence in this case. The remaining components of the defendant's sentence, including but not limited to any fine or length and conditions of supervised release, shall be imposed by the Court after the presentation of evidence and/or argument by the parties.

   b. The defendant and the United States agree that the defendant has the financial means in the form of liquid assets to pay restitution in full which totals $8,868.20.

   c. The defendant and the United States agree that restitution is owed by the defendant for fraudulent debts incurred by the defendant in the name of the victim, Teresa Lamar Rodriguez (to include any former, married, or maiden names of the victim), and that restitution should be ordered by the Court, made part of the defendant's sentence, and incorporated into the defendant's judgment. The defendant and the United States agree that the sum total of restitution
*[margin: Elis Oler 26 June 2019]*

6

owed by the defendant is **$8,868.20**, and that restitution shall be disbursed by the Court to the victims in the following amounts:

    i.    **$1,389.52** payable to **Cinnamon Tree Apartments,** 7220 Central Avenue SE, Albuquerque, NM 87108;

    ii.    **$1,041.78** payable to **BOKF, National Association D/B/A Bank of Albuquerque, N.A.**, P.O. Box 26148, Albuquerque, NM 87125-6148;

    iii.    **$1,083.00** payable to **Rent-A-Center (Acceptance Now)**, ATTN: Legal Department, 5501 Headquarters Dr., Plano, TX 75024; and

    iv.    **$5,353.90** payable to **Conn's**, ATTN: Fraud Department, 3295 College St., Beaumont, TX 77701.

    d.    The defendant and the United States agree that the amount of restitution the defendant owes is not limited to the counts of conviction, but rather, the defendant agrees that she is liable in restitution for all of her relevant conduct. This relevant conduct includes $5,353.90 owed in restitution to Conn's Home Appliances in San Antonio, Texas, based on the defendant's fraudulent purchase and procurement of credit on July 3, 2017, through Conn's Credit Corporation, Inc. in the name of Teresa L. Rubinchak (a former legal name of the victim, Teresa Lamar Rodriguez) for the purchase of furniture and entertainment center items.

    e.    The defendant and the United States agree that the defendant will deposit the full restitution balance owed (**$8,868.20**) at the time of sentencing with the Clerk of Court, United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, for further disposition by the Court upon sentencing.

f. The defendant and the United States agree that the defendant has the financial means in the form of liquid assets to pay restitution **in full,** which totals **$8,868.20**. The defendant and the United States further agree that a finding should issue from the Court **at the time of the defendant's plea hearing** that the defendant has the financial means to pay the above restitution in full.

## DEFENDANT'S OBLIGATIONS

13. The defendant understands the defendant's obligation to provide the United States Probation Office with truthful, accurate, and complete information, including, but not limited to defendant's true identity, citizenship status, and any prior criminal convictions. The defendant hereby represents that the defendant has complied with and will continue to comply with this obligation. The defendant understands that any misrepresentation with respect to the above obligations may be considered a breach of this plea agreement.

14. By signing this plea agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d) unless: (1) the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5) or (2) the defendant can show a fair and just reason as those terms are used in Rule 11(d)(2)(B) for requesting the withdrawal. Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

15. Defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal

law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration consequences that defendant's plea may entail, even if the consequences include defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

16. The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, as well as any sentence imposed below or within the Guideline range upon a revocation of supervised release in this cause number, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court. In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.

## GOVERNMENT'S AGREEMENT

17. Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees not to bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

18. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

19. The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats or promises (other than the promises set forth in this plea agreement and any addenda). The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

20. The defendant understands and agrees that if the defendant or the defendant's attorney violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation including, but not limited to, any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, and obstruction of justice, and any other crime committed by the defendant during prosecution of this case.

## SPECIAL ASSESSMENT

21. At this time of sentencing, the defendant will tender a money order or certified check payable to the order of the United States District Court, District of New Mexico, 333 Lomas Boulevard, NW, Albuquerque, New Mexico 87102, in the amount of $800.00 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

22. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding. This agreement

is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

AGREED TO AND SIGNED this 12th day of July, 2019.

JOHN C. ANDERSON
United States Attorney

KRISTOPHER DALE JARVIS
CHRISTOPHER SOLIS
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304 – Tel.
(575) 522-2391 – Fax

This agreement has been read to me in the language I understand best, and I have carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

ELISA ESTHER PLATA-RIVERA
Defendant

I am the attorney for ELISA ESTHER PLATA-RIVERA. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of the elements of the offense, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant sentencing guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

FELIPE MILLAN
Attorney for Defendant